LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel:(408)295-5595
Fax:(408)295-9852

Attorneys for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 15-53837-MEH |
| MAJID MARHAMAT | **APPLICATION FOR ORDER UNDER 11 USC §327(A) AUTHORIZING EMPLOYMENT OF ATTORNEY FOR LIMITED PURPOSE** |
| Debtor | |
| | CHAPTER 11 |
| | Date: none set |
| | Time: none set |
| | Court: no hearing set |

Comes now Debtor MAJID MARHAMAT Debtor and debtor-in-possession in the above-referenced proceeding ("Debtor" hereinafter) and applies to this Court for an order under Sections 327(a) to employ David Lee, Esq. as an attorney for the limited purposes of gathering facts and drafting an opinion as to debtor's liability for civil penalties for trust fund taxes arising from a defunct corporation in which he was a passive owner and another defunct corporation in which he was an investor.

Application for Order Authorizing Employment of Attorney for Limited Purpose - 1

## BACKGROUND

1. On Dec. 3, 2015, debtor, represented by Trinh Law, filed a petition under Chapter 13 of the Bankruptcy Code.

2. On Feb. 26, 2016 The Fuller Law Firm, P.C. substituted in to represent the debtor.

3. On Feb. 29, 2016 The Fuller Law Firm, P.C. filed a motion to convert the instant case to a case under Chapter 11 of the Bankruptcy Code. An order converting the case to Chapter 11 was entered on March 23, 2016.

4. On April 1, 2016 the IRS filed a claim in debtor's Chapter 11 case for $485,951.67 of which $480,149.25 is asserted as priority.

5. From approximately Jan. 1, 1999 to 2004, Debtor was a 40% owner of Wisal Ameen, Inc. DBA Bank Auto Sales. Azarbayejani, Hamid was the other principal. However, debtor did not participate in the management and did not examine or control the books and records of Wisal Ameen, Inc. Debtor received a base salary. He never received any profits. Debtor does not recall whether he was a director or officer of Wisal Ameen, Inc. Hamid Azarbayejani, the majority owner of Wisal Ameen, Inc. is presently incarcerated.

6. Wisal Ameen, Inc. invested in a Nissan Dealership. Debtor does not know if a separate entity was established. Debtor did not manage, operate or control the Nissan Dealership.

7. The IRS claim appears to be for civil penalties relating to unpaid trust fund taxes. It is unclear if these are solely from Wisal Ameen, Inc. or also from the operation of the Nissan dealership.

8. Debtor needs to determine whether under the facts of the case, he is able to avoid liability for civil penalties for trust fund taxes under non-bankruptcy law on the basis that he had no control of and did not manage Wisal Ameen, Inc.

**SERVICES TO BE RENDERED**

9. By this Application, the Debtor-in-possession seeks to employ David Lee, Esq. a tax accountant and attorney for the limited purpose of investigating the facts relating to the IRS claim and rendering an opinion to the undersigned counsel.

10. David Lee has handled similar cases before.

11. The employment of David Lee is beneficial to the estate because given his experience, he can come to a conclusion in less time than would be expended by the undersigned and given his background as a CPA and tax attorney, may be able to identify issues that would not be identified by the undersigned.

**DISINTERESTEDNESS OF PROFESSIONALS**

12. As set forth in the Declaration of David Lee, to the best of his knowledge and belief:

(a) David Lee does not hold or represent an interest adverse to the Debtor's estate.

(b) David Lee is not a creditor, an equity security holder, or an insider of the Debtor.

(c) David Lee does not have any interest materially adverse to the interest of the estate nor of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason;

(d) David Lee is not related in any way to any United States Bankruptcy Judge, any District Court Judge nor to anyone within the Office of the United States Trustee.

13. Though it does not impact disinterestedness, it should be disclosed that Lars T. Fuller has had a professional relationship with Mr. Lee dating back some 24 years wherein Lars T. Fuller and David Lee represented the same client in a difficult litigation matter. Also, The Fuller Law Firm, P.C. represented David Lee in a Chapter 11 case filed in the Northern District of California as Case No. 13-54056AJ. That case is confirmed. A Final Decree is expected in May 2016.

**PROFESSIONAL COMPENSATION**

14. David Lee has been asked to expend 4-5 hours of time interviewing debtor, investigating the facts and drafting a memorandum to The Fuller Law Firm, P.C. His hourly rate is $500.00/hour.

WHEREFORE, the Debtor requests that the Court enter an order employing David Lee and authorizing David Lee to be paid $500/hour for not more than 5 hours of work.

Dated: April 19, 2016

                                THE FULLER LAW FIRM, P.C.

                                */s/ Lars T. Fuller*
                                Lars T. Fuller
                                Attorneys for Debtor