LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595
Fax: (408)295-9852

Attorney for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 15-53837-MEH |
| | ) | |
| | ) | CHAPTER 11 |
| | ) | |
| MAJID MARHAMAT | ) | **STATUS CONFERENCE STATEMENT** |
| | ) | |
| Debtor | ) | Date: Sept 15, 2016 |
| | ) | Time: 10:30 a.m. |
| | ) | Court: 3020 |
| | ) | |
|  | ) | |

Comes now Debtor MAJID MARHAMAT debtor and debtor-in-possession in the above-referenced proceeding and respectfully submits the following status conference statement:

**BACKGROUND**

This is predominantly a tax case that was originally filed on Dec. 3, 2015 by Trinh Law Firm. On Feb. 2, 2016 Devin Derham-Burk filed a motion to dismiss the case asserting that debtor does not meet the debt limits under 11 U.S.C.§109(e ). The Fuller Law Firm, P.C. substituted into the case on Feb. 26, 2016 and promptly moved to convert the case to a case under Chapter 11.

This will be a difficult case. Debtor must address three main issues.

IRS

First, the IRS has filed a claim for $485,951 of which $480,149.25 is priority. This tax liability is for civil penalties for trust fund taxes from Wisal Ameen, Inc. DBA Bank Auto Sales, a now defunct corporation. From Jan. 1, 1999 to 2004 Debtor was a 40% principal together with Hamid Azarbayejani. However Hamid operated the business and controlled all bank accounts. Debtor received a base salary but no profits. Hamid is in prison.

Debtor has employed David Lee, Esq. who has experience in Section 6672 actions. Mr. Lee interviewed the debtor which produced little fruitful information. Mr. Lee has sought to locate and interview Mr. Hamid, but without success. He has not received any documents from the IRS to date. However, Sabina Makarov of the IRS has agreed to provide all records of interviews, financial account information including signature cards and other documents related to the determination that Mr. Marhamat was a responsible person.

BOE

The BOE filed a secured claim for $415,766.41. Based on the proof of claim filed in the herein case and the lien dates reflected therein, it appeared to the undersigned that these debts were discharged in Debtor's prior Chapter 7.

The undersigned conferred with Paula Fuller of the BOE. The liens identified in the POC were lien renewals. In fact, liens were filed 1-1-2005 and for this reason the taxes were not discharged in the prior case.

Hence, the BOE claim can only be attacked based on the BOE's determination that debtor was a responsible person. On August 24, 2016 Ms. Paula Fuller agreed to forward the BOE file in this regard. It has not been received.

Mortgage Arrears

Per POC No 5 filed in the herein case debtor was $250,516.64 in arrears on his first trust deed on his primary residence. Unless debtor obtains his loan modification, these will need to be cured through a plan.

MOR

Debtor has not prepared any MORs.

Combined Plan

Because the IRS claim and BOE claim have not been resolved, debtor cannot file a Combined Plan.

Request

That unless the MORs are filed by the hearing date, that debtor be given until Sept 30, 2016 to file the MORs or the case is to be dismissed. That the status conference be continued for 30-60 days for the BOE and IRS to produce documents or for an objection to claim to be filed and documents be obtained by subpoena.

Dated: Sept 8, 2016

THE FULLER LAW FIRM, P.C.

By: /s/ Lars T. Fuller
Lars T. Fuller
Attorney for Debtor