LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595
Fax: (408)295-9852

Attorney for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:                                              ) Case No.: 15-53837-MEH
                                                    )
                                                    ) CHAPTER 11
                                                    )
MAJID MARHAMAT                                      ) **STATUS CONFERENCE STATEMENT**
                                                    )
    Debtor                                          ) Date:   Dec. 7, 2017
                                                    ) Time:   10:30 A.M.
                                                    ) Court:  3020
                                                    )
_____               )

   Comes now Debtor MAJID MARHAMAT and respectfully submits the following status conference statement:

   Debtor had filed his Combined Plan on Aug. 28, 2017 and set it for hearing on Sept. 28, 2017. The Combined Plan accounted for the resolution of the IRS claim and BOE claim (and adversary proceeding). The only outstanding issues were related to the reopening of a prior Chapter 7 and the avoidance of various statutory liens.

   The status of avoiding those liens is as follows:

| CREDITOR | AMOUNT | STATUS OF FILINGS |
|---|---|---|
| Nissan (Recorded 12/29/2004) | $2,328,308 | Order recorded 9/26/2017 |
| IRS (Recorded 1/14/2005) | $279,950 | Denied 9/28/2017; not refiled |
| SBOE (Recorded 1/25/2005) | $255,741 | Denied 9/28/2017; not refiled |
| Rescomm Holding (Recorded 12/15/2005) | $38,327 | Order entered 9/26/2017 |
| Sazesh dba Baywatch (Recorded 10/3/2006) | $59,023 | Refiled 9/28; 11-8; Req, for Default 11-30. |
| FTB (Recorded 3/1/2007) | $1,868 | Denied 9/28/2017; not refiled |
| Mission Nat. Bk (Recorded 3/14/2007) | $8,126 | Stipulation |
| Unifund (Recorded 7/2/2007) 19491252 | $16,880 | Order entered 9/26/2017 |
| Discover (Recorded 8/2/2007) | $13,554 | Order entered 9/26/2017 |
| Wells Fargo (Recorded 9/13/2007) | $121,574 | Denied 9/28/2017; Debtor not judgment debtor |
| Unifund (Recorded 5/19/2008) 19857049 | $23,657 | Order entered 9/26/2017 |
| Wu and Men (Recorded 8/18/2008) | $267,860 | Refiled 10/6; Creditor requested hearing |

The Wells Fargo lien appears to have been a false positive on a lien search. Based on the pleadings filed in San Mateo County Superior Court, Mr. Marhamat was not a named party and the other judgment debtors are not know to debtor and never had an interest in debtor's residence. Therefore the lien cannot attach to Mr. Marhamat's residence.

The tax liens are resolved by claims filed in the Chapter 11 or by stipulation.

The Wu and Men lien, however, may delay approval of the disclosure statement as proposed. Plaintiffs Wu and Men claim they purchased debtor's residence in 2004 for $75,000 subject to the existing 1st mortgage loan. Debtor denies having ever received $75,000. When

Case: 15-53837    Doc# 135    Filed: 11/30/17    Entered: 11/30/17 16:55:22    Page 2 of 3
Status Conference Statement-2

plaintiffs learned that the property was subject to tax liens in excess of $1,00,000 they re-conveyed title to debtor. In 2006 plaintiffs filed a complaint in Santa Clara County Superior Court. The proof of service shows that debtor was personally served at Magnificent Motors. However, debtor was not working at Magnificent Motors, denies having ever been served and denies knowledge of the complaint. Similarly, the default was served on debtor at the Magnificent Motors address and the Montpelier address though debtor was not living at Montpelier at the time. The default judgment provides for money damages and for specific performance: conveyance of the property free and clear of liens.[1]

      Mr. Oto represents Plaintiffs. The undersigned and Mr. Oto have known each other for years and resolved many disputes. Subject to Mr. Oto obtaining consent from his clients, the parties will proceed to mediation or BDRP in an effort to resolve the matter. If unsuccessful, Debtor will seek to set aside the State Court Judgment in Santa Clara County Superior Court for lack of service.

Dated: Nov. 30, 2017                        THE FULLER LAW FIRM, P.C.

                                            By: /s/ Lars T. Fuller
                                                  Attorney for Debtor

---

[1] This makes little sense since the Saratoga Property was purchased subject to the liens so in essence this would mean that the Saratoga Property was purchased for the $75,000 down payment (which debtor denies receiving).