LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595
Fax: (408)295-9852

Attorney for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MAJID MARHAMAT<br><br>Debtor | Case No.: 15-53837-MEH<br><br>CHAPTER 11<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date: Mar. 8, 2018<br>Time: 10:30 A.M.<br>Court: 3020 |

Comes now Debtor MAJID MARHAMAT and respectfully submits the following status conference statement:

BACKGROUND

Wu and Men claim they purchased debtor's residence in 2004 for $75,000 subject to the existing 1st mortgage loan. Debtor denies having ever received $75,000. When claimants learned that the property was subject to tax liens in excess of $1,00,000 they re-conveyed title to debtor. In 2006 claimants filed a complaint in Santa Clara County Superior Court. The proof of service shows that debtor was personally served at Magnificent Motors. However, debtor was not working at Magnificent Motors, denies having ever been served and denies knowledge of the

complaint. Similarly, the default was served on debtor at the Magnificent Motors address and the Montpelier address though debtor was not living at Montpelier at the time. The default judgment provides for money damages and for specific performance: conveyance of the property free and clear of liens.[1]

## STATUS

Mr. Oto represents Claimants. Mr. Oto has agreed to proceed to BDRP. The parties have agreed to use the services of Charles Maher. Though there was substantial delay in getting the stipulation for BDRP executed and in coordinating dates, BDRP has been set for March 15, 2018 in San Francisco.

## REQUEST

Debtor respectfully requests that the status conference be continued to the earliest date available after March 15, 2018.

Dated: March 2, 2018

                              THE FULLER LAW FIRM, P.C.

                              By: /s/ Lars T. Fuller
                                  Attorney for Debtor

---

[1] This makes little sense since the Saratoga Property was purchased subject to the liens so in essence this would mean that the Saratoga Property was purchased for the $75,000 down payment (which debtor denies receiving) and debtor was to, from his own resources, find funds to pay off the loans.