LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595
Fax: (408)295-9852

Attorney for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No.: 15-53837-MEH |
| | ) |
| | ) CHAPTER 11 |
| | ) |
| MAJID MARHAMAT | ) **STATUS CONFERENCE STATEMENT** |
| | ) |
| Debtor | ) Date: Mar. 29, 2018 |
| | ) Time: 10:30 A.M. |
| | ) Court: 3020 |
| | ) |
| _____ | ) |

   Comes now Debtor MAJID MARHAMAT and respectfully submits the following status

conference statement:

<u>Mediation</u>

   The herein matter has been continued for Wu/Man and Debtor to participate in a

mediation. Wu/Men have a state court judgment which, in addition to monetary damages, directs

debtor to deliver clean title to them. Mediation was set for March 15, 2018 before Charles

Maher.  Briefs were filed and confidential settlement offers submitted.  It became apparent that

the parties are intransient in their positions: Wu/Men want the house and debtor, though willing

to pay some money, is not willing to convey title to the house.  Hence, counsel and Mr. Maher

agreed that continuing with mediation is a waste of time. Mr. Maher is willing to continue the mediation to some future date if the parties show flexibility to make settlement possible.

There remain arguments and ambiguities: Debtor denies service of the state court complaint.[1] It is not clear that the state court judgment is a judgment to quiet title and a quiet title action may be required. Debtor's sister, who has advanced more than $100,000 for mortgage payments, may make a title claim.

Actions to be Taken

Given debtor's position, the undersigned is unable to propose a plan. With Debtor having been absolved of the BOE responsible party claim of $415,766 and with the IRS having reduced its claim from $480,149.25 priority to $12,606, and given that other judgment liens have been avoided in the re-opened Chapter 7, a feasible plan could be proposed if debtor were willing to surrender his home. However, he is not.

A motion to dismiss the herein case will be filed and set for May 3, 2018. If the Wu/men claim is resolved before the hearing, the motion will be withdrawn. Unfortunately, with the case dismissed, the first lender may proceed to sale absent timely intervention by Wu/Men. In such event, no party will benefit.

The undersigned will file its application for compensation and set it for May 3, 2018.

Debtor and his counsel are at odds on what is in debtor's best interest. If may be necessary to bring a motion to withdraw.

Request

Debtor respectfully requests that the status conference be continued to May 3, 2018.

---

[1] But the Wu/men claim was disclosed in the prior Chapter 7, albeit as an unsecured claim

Dated:  March 14, 2018

THE FULLER LAW FIRM, P.C.


By: /s/ Lars T. Fuller
Attorney for Debtor

Status Conference Statement 3