LARS T. FULLER (No. 141270)
SAMAN TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
(408)295-5595

Attorney for Debtor

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re: ) Case No.: 15-53837-MEH
 )
MAJID MARHAMAT ) **MOTION TO DISMISS**
 )
 Debtor ) CHAPTER 11
 )
 ) Date: May 3, 2018
 ) Time: 10:30 A.M.
 ) Courtroom: 3020
 )
 )
 )
 )
 )
 )

Comes now Debtor Majid Marhamadi and respectfully moves the Court to dismiss the herein case.

**CASE BACKGROUND**

Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code on Dec. 13, 2015. The Fuller Law Firm, P.C. substituted into the case and moved to convert the case to a case under Chapter 11. The case had several major hurtles:

1. Mortgage Payments

Debtor, though post-petition current, had not paid his mortgage payments on property at 18394 Montpere Way Saratoga, CA 95070 in many years resulting in a $250,516 pre-petition arrears claim to the 1st lender. Debtor applied for mortgage modification which was denied, apparently for lack of sufficient income.

2. IRS

The IRS filed a priority tax claim for $480,149.25 mostly for civil penalties arising out of Majid's alleged management of Wisal Ameen, Inc. DBA Bank Auto Sales, a corporation owned by Mr. Wisal Ameen, now incarcerated. There were several indicia of liability: Debtor was a director and the corporate Secretary, had signature authority on bank accounts (but never wrote checks), and appeared on the State Board of Equalization tax applications. The IRS dropped the Civil Penalties. It amended its claim to $12,606.76 priority.

3. BOE

The Board of Equalization filed a secured claim for $415,766.41 based on responsible party liability arising from Bank Auto Sales. Many but not all of the indicia of liability were documented in its investigative report. Debtor commenced an adversary proceeding and was able to negotiate a zero liability settlement in exchange for dismissal of the adversary proceeding.

4. The Wu/Men Judgment

Though debtor contended that all liens were resolved in his discharged Chapter 7 case filed by Vy Tran in 2010, an abstract report purchased in preparation of an amended plan reflected otherwise. Debtor re-opened his Chapter 7 case and brought motions to avoid numerous liens. All non-tax liens were avoided except a lien in favor of Wu/Men. Though debtor believes that the monetary aspects of the lien remain avoidable upon proof of valuation of the real property, the Wu/Men judgment provides for debtor to convey clean title to Wu/Men.

Debtor vehemently disputes that the judgment is meritorious and denies having been served with the state court complaint.[1] The parties agreed to proceed to mediation before Charles Maher to attempt a resolution. Briefs and confidential settlement statements were submitted. However, the day before the mediation, it became evident that the party's position is so intransient that absent a softening of position, mediation would be a waste of resources.

## ARGUMENT

1. Debtor's scheduled unsecured creditors are as follows:

| | |
|---|---|
| FTB | $125.99 (of which $12.66 is priority) |
| IRS | $18,389.18 (of which $12,606.76 is priority) |
| Trinh Law | $5,500 |
| Pari Marhamat (insider) | $19,000 |
| Verenice Sandoval (fiancé) | $10,000 |
| TOTAL | $53,015.17 |

2. The only non-exempt assets are a refund from Devin Derham-Burk, Trustee in the amount of $4,243.50 which has been distributed to debtor. Such amount, though non-exempt because debtor used Section 704 exemptions, would be exempt if debtor amended to Section 703 exemptions.

3. Debtor is not eligible for another Chapter 7 discharge at this time.

4. Absent a resolution with Wu/Men, it is not cost-effective for debtor to remain in this Chapter 11. If the real property is no longer an issue, Debtor can resolve his remaining issues outside of bankruptcy or file a subsequent Chapter 13 for which he would now be eligible.

---

[1] The 2010 Chapter 7 case however shows Wu/Men as a scheduled judgment creditor.

WHEREFORE, Debtor respectfully requests that the herein case be dismissed.

Dated: April 4, 2018

        THE FULLER LAW FIRM, P.C.

        By: */s/ Lars T. Fuller*
          LARS T. FULLER
         Attorney for Debtor